# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TIZAZU F. AREGA,

      Petitioner,

    v.

TIMOTHY SHOOP, WARDEN,

    Respondent.

CASE NO. 2:19-CV-2905
JUDGE GEORGE C. SMITH
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a motion filed by Petitioner, a state prisoner, seeking leave to proceed *in forma pauperis*, which is **GRANTED**. (ECF No. 1.) Petitioner will therefore be allowed to prosecute his action without prepayment of fees or costs, and judicial officers who render services in this action shall do so as if the costs had been prepaid.

Petitioner, proceeding without counsel, has also filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1-1.) Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions

that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). For the reasons that follow, it plainly appears that Petitioner is not entitled to relief in this Court because his petition is successive. Accordingly, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

Petitioner's Motion to Appoint Counsel (ECF No. 2) is **DENIED**.

## I.

Petitioner challenges his 2012 conviction for rape in the Court of Common Pleas for Franklin County, Ohio. (ECF No. 1-1, PAGEID # 3.) Petitioner asserts that he "is not confined and detained by virtue of a final judgment of state court based upon the jury returned unanimous verdict of guilty pursuant to *Patton v. United States*, 281 U.S. 276 also see *Low v. United States*, 169 F.86 at 92, or charg[]ing document for deportation" (ECF No. 1-1, PAGEID # 5) (claim one); and that his conviction for rape by digital vaginal penetration improperly was affirmed under for which he had not been charged, i.e., the crime of rape by vaginal intercourse, in violation of *Cole v. Arkansas*, 333 U.S. 196, 202 (claim two). This is not, however, Petitioner's federal habeas corpus petition. On June 24, 2016, he filed his first action under 28 U.S.C. § 2254, challenging this very same conviction. On October 4, 2016, this Court dismissed that action as barred by the one-year statute of limitations. *Arega v. Chillicothe Corr. Inst.*, 2:16-cv-00618. On November 16, 2018, he filed a second habeas corpus petition, again challenging this same conviction. On February 11, 2019, this Court transferred that action to the United States Court of Appeals for the Sixth Circuit as successive. *Arega v. Chillicothe Corr. Inst.*, 2:18-cv-01486. Thus, this action plainly constitutes a successive petition.

**II.**

Before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A)

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

### III.

For the reasons set forth above, it is **RECOMMENDED** this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's request to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**, and his Motion to Appoint Counsel (ECF No. 2) is **DENIED**.

### **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report

4

and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE