# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TIZAZU F. AREGA,**

    **Petitioner,**

v.

    **CASE NO. 2:19-CV-2905**
    **JUDGE GEORGE C. SMITH**
    **Magistrate Judge Chelsey M. Vascura**

**TIMOTHY SHOOP, WARDEN,**

    **Respondent.**

## OPINION AND ORDER

On July 11, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as successive. (ECF No. 4.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 4) is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the Magistrate Judge's recommendation to transfer this case to the Sixth Circuit for authorization for filing as a successive petition. Referring to *Magwood v. Patterson*, 561 U.S. 320 (2010), Petitioner contends that the Magistrate Judge improperly construed this action as successive, because he challenges a void and invalid jury verdict, and the state appellate court improperly affirmed his conviction on rape by vaginal intercourse, a crime

for which he had not been charged. Petitioner complains that he thereby has been denied his right to indictment by a grand jury and a jury trial. He maintains that the Court has jurisdiction to consider this action and seeks consideration of his claims on the merits.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court lacks jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive petition. 28 U.S.C. § 2244(b); *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Petitioner has filed prior actions under 28 U.S.C. § 2254 challenging this same conviction. The Court dismissed Petitioner's first habeas corpus petition as time-barred. *Arega v. Chillicothe Corr. Inst.,* 2:16-cv-00618. Where a prior petition is dismissed as barred by the one-year statute of limitations, the petitioner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before he may file a subsequent habeas corpus petition. *See Sudberry v. Warden, Leb. Corr. Inst*., No. 1:17-cv-45, 2017 WL 1050493, at *2 (S.D. Ohio Feb. 28, 2017). This Court transferred Petitioner's second habeas corpus petition again challenging this same conviction to the Sixth Circuit as successive. *Arega v. Chillicothe Corr. Inst*., 2:18-cv-01486. In that action, Petitioner likewise asserted, as he does herein, that the state courts improperly indicted him and convicted him on different charges of rape. Thus, this action plainly constitutes a second or successive habeas corpus petition. Petitioner's attempt to characterize the judgment against him as void does not alter this Court's conclusion.

Petitioner's Objection (ECF No. 6) is **OVERRULED.** The Report and Recommendation (ECF No. 4) is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––. ––, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate this Court's resolution of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

    **IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**